UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

           v.                                  5:07-CR-498

IVAN PLAZA-ANDRADES,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                        OF COUNSEL:

HON. ANDREW T. BAXTER                               CARLA B. FREEDMAN, ESQ.
United States Attorney, Northern District           Assistant United States Attorney
of New York
Attorneys for the United States of America
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261

OFFICE OF STEPHEN LANCE CIMINO                      STEPHEN LANCE CIMINO, ESQ.
Attorneys for Defendant
307 South Clinton Street, Suite 300
Syracuse, New York 13202-1250

DAVID N. HURD
United States District Judge

## DECISION & ORDER

## I. INTRODUCTION

Defendant Ivan Plaza-Andrades ("defendant") was convicted on March 20, 2009 of conspiring to possess with the intent to distribute five or more kilograms of cocaine and attempted possession with the intent to distribute more than 500 grams of cocaine.

Defendant now moves pursuant to Federal Rule of Criminal Procedure 29 for a judgment of acquittal, or alternatively, for a new trial pursuant to Federal Rule of Criminal Procedure 33. The United States of America (the "Government") opposes. Oral argument was heard on May 8, 2009 in Utica, New York.

## II. DISCUSSION

### A. Defendant's Motion for a Judgment of Acquittal

A motion for a judgment of acquittal will be granted if, after viewing all of the evidence in the light most favorable to the prosecution, no rational trier of fact could have found that the required elements of each offense were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). Defendant acknowledges that he bears "a very heavy burden" when challenging the sufficiency of the evidence leading to his convictions after trial. See United States v. Simon, 85 F.3d 906, 908 (2d Cir. 1996) (citations omitted).

In support of his motion, defendant reiterates his argument offered at trial that he should not have been found guilty under a buyer-seller defense. See United States v. Parker, 554 F.3d 230, 234-38 (2d Cir. 2009) (discussing the buyer-seller defense to drug conspiracies). Although he admits there may have been enough evidence to prove that he attempted to possess the cocaine with the intent to distribute, defendant argues that there was insufficient evidence to show he had knowledge of the drug conspiracy or that he intended to advance its criminal objective.

At trial, there was an abundance of evidence supporting the inference that defendant knew of and intentionally joined the drug distribution conspiracy. This evidence included, but was not limited to, recorded phone calls between defendant and one of his co-

defendants, Jose Pizarro; the direct testimony of Mr. Pizarro explaining the criminal conspiracy; testimony from law enforcement officials who observed defendant in the moments before his arrest; and drug distribution and packaging materials recovered from defendant's storage unit.  Additionally, and perhaps most importantly, the sheer quantity of cocaine–at least one kilogram in each of eleven shipments–was inconsistent with defendant's argument that he was purchasing cocaine for his personal use.  From this evidence, the jury was allowed to infer that defendant acted to intentionally advance the criminal objective of the conspiracy.

The evidence at trial also permitted the jury to conclude that defendant was responsible for at least five kilograms of cocaine because of the testimony indicating he arranged to have eleven packages shipped from Puerto Rico to Syracuse, New York.  Mr. Pizarro discussed his plan with defendant to use the United States Postal Service for their shipments, and his testimony was corroborated by the mailing packages and labels found in defendant's storage unit.

Therefore, viewing the evidence in the light most favorable to the Government, there was sufficient evidence at trial for a rational fact finder to determine that the required elements of each offense were proven beyond a reasonable doubt.  Accordingly, defendant's motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 will be denied.

### B. Defendant's Motion for a New Trial

Defendant alternatively moves for a new trial pursuant to Federal Rule of Criminal Procedure 33.  A defendant may be granted a new trial if the interest of justice so requires.  FED. R. CRIM. P. 33(a).  While district courts are granted considerable discretion to decide

Rule 33 motions, including evaluating for themselves the weight of the evidence and the credibility of the witnesses, see Untied States v. Robinson, 430 F.3d 537, 543 (2d Cir. 2005) (citations omitted), courts must also be careful not to "wholly usurp the jury's role." Robinson, 430 F.3d at 543 (quoting Autuori, 212 F.3d 105, 120 (2d Cir. 2000)).  Instead, only the most exceptional circumstances will allow judges to "intrude upon the jury function of credibility assessment." United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992).

Defendant fails to identify any exceptional circumstances warranting a new trial. Although defendant argues that Mr. Pizarro's testimony presented only "marginal" evidence of his guilt because Mr. Pizarro's veracity was "seriously challenged," there is nothing in the record justifying an intrusion upon the jury's credibility assessment of Mr. Pizarro. Therefore, defendant's motion for a new trial will be denied.

## III. ORDER

Accordingly, it is

ORDERED that

(1) Defendant's motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 is DENIED; and

(2) Defendant's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 is DENIED.

United States District Judge

Dated: May 11, 2009
 Utica, New York.